**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| PABLO ALBERTO VARELA, *et al.*, | 10 CV 5338 (TPG) |
| Plaintiffs, | |
| -against- | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTIONS FOR PARTIAL SUMMARY JUDGMENT ON PRINCIPAL AND INTEREST**
**AND TO STRIKE DEFENDANT'S REQUESTS FOR DISCOVERY**

**MILBERG LLP**
Michael C. Spencer
Gary S. Snitow
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ................................................................................2

THE UNDISPUTED FACTS .....................................................................................3

    A.    The Bonds ..........................................................................................3

    B.    Argentina's Default on the Bonds.....................................................3

    C.    Plaintiffs' Proof of Ownership...........................................................4

    D.    Concurrent Litigations Involving Argentina's Debt ..........................6

ARGUMENT ..............................................................................................................7

    POINT I   PLAINTIFFS SHOULD BE AWARDED SUMMARY JUDGMENT ..................7

    A.    Plaintiffs Have Established Their Entitlement to Summary Judgment ..................9

    B.    Argentina's Affirmative Defenses Are Without Merit .........................................10

        1.    The Defense of Failure to State a Claim ......................................................11

        2.    The Champerty Defense ...............................................................................11

        3.    The "Unclean Hands" Defense .....................................................................11

        4.    The Statute of Limitations Defense .............................................................12

        5.    The Certified Class Defense .........................................................................13

    POINT II  ARGENTINA'S DISCOVERY REQUESTS SHOULD BE STRICKEN............15

CONCLUSION.........................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Allan Applestein TTEE FBO D.C.A. Grantor Trust v. Republic of Argentina,*
No. 02-4124, 2003 WL 22743762 (S.D.N.Y. Nov. 20, 2003)...........................................2, 3, 6

*Aniero Concrete Co. v. N.Y. City Constr. Auth.,*
No. 94-3506, 2000 WL 863208 (S.D.N.Y. June 27, 2000) ....................................................11

*Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.,*
522 U.S. 192 (1997).............................................................................................................12

*Beck v. Levering,*
947 F.2d 639 (2d Cir. 1991)...................................................................................................9

*Benjamin v. Coughlin,*
643 F. Supp. 351 (S.D.N.Y. 1986) .........................................................................................9

*Branch v. Sony Music Entm't, Inc.,*
No. 97-9238, 2001 WL 228108 (S.D.N.Y. Mar. 8, 2001),
*aff'd*, 34 Fed. Appx. 23 (2d Cir. 2002) ..................................................................................7

*Brecher v. Republic of Argentina,*
No. 06-5157, 2009 U.S. Dist. LEXIS 27846 (S.D.N.Y. Mar. 27, 2009) ................................14

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)............................................................................................................7, 8

*Combustion Eng'g, Inc. v. Imetal,*
158 F. Supp. 2d 327 (S.D.N.Y. 2001), *aff'd in part, vacated in part,*
37 Fed. Appx. 573 (2d Cir. 2002) ..........................................................................................8

*Ediciones Quiroga, S.L., v. Fall River Music, Inc.,*
No. 93-3914, 1995 WL 366287 (S.D.N.Y. June 20, 1995) ....................................................12

*EM Ltd. v. Republic of Argentina,*
No. 03-2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003),
*as amended by* 2003 WL 22454934 (S.D.N.Y. Oct. 27, 2003),
*aff'd,* 382 F.3d 291 (2d Cir. 2004) ................................................................................ *passim*

*Gelb v. Royal Globe Ins. Co.,*
798 F.2d 38 (2d Cir. 1986)......................................................................................................9

*H.W. Urban GmbH v. Republic of Argentina,*
No. 02-5699, 2003 U.S. Dist. LEXIS 23363 (S.D.N.Y. Dec. 30, 2003) ..........................13, 14

*IBM Corp. v. Burlington Air Express, Inc.*,
No. 98-2503, 2000 WL 890196 (S.D.N.Y. July 5, 2000)......................................................8

*In re Ivan F. Boesky Sec. Litig.*,
848 F. Supp. 1119 (S.D.N.Y. 1994)..................................................................................9

*LeBlanc-Sternberg v. Fletcher*,
67 F.3d 412 (2d Cir. 1995)..............................................................................................9

*Lightwater Corp. Ltd. v. Republic of Argentina*,
Nos. 02-3804, 02-3808, 02-5932, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003) ........... *passim*

*Mazoral, S.A.  v. Republic of Argentina*,
No. 04-3313, 2006 WL 1211146 (S.D.N.Y. May 5, 2006) ........................................3, 6, 9, 11

*Mazzini v. Republic of Argentina*,
No. 03-8120, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005)............................................ *passim*

*Omni Quartz, Ltd. v. CVS Corp.*,
287 F.3d 61 (2d Cir. 2002)..............................................................................................8

*Podell v. Citicorp Diners Club, Inc.*,
112 F.3d 98 (2d Cir. 1997)..............................................................................................7

*Quarles v. Gen. Motors Corp.*,
758 F.2d 839 (2d Cir. 1985)............................................................................................7

*Rexnord Holdings, Inc. v. Bidermann*,
21 F.3d 522 (2d Cir. 1994).............................................................................................11

*Scott v. Harris*,
550 U.S. 372 (2007).........................................................................................................7

*Slattery v. Swiss Reinsurance Am. Corp.*,
248 F.3d 87 (2d Cir. 2001)..............................................................................................7

*Sterling Nat'l Bank & Trust Co. of N.Y. v. Fid. Mortgage Invs.*,
510 F.2d 870 (2d Cir. 1975)............................................................................................8

*Tri-Ex. Enters., Inc. v. Morgan Guar. Trust Co. of N.Y.*,
596 F. Supp. 1 (S.D.N.Y. 1982).....................................................................................9

*Valley Nat'l Bank v. Greenwich Ins. Co.*,
254 F. Supp. 2d 448 (S.D.N.Y. 2003)............................................................................8

*Weinstock v. Columbia Univ.*,
224 F.3d 33 (2d Cir. 2000)..............................................................................................7

**STATE CASES**

*518 East 80th St. Co., LLC v. Smith,*
    674 N.Y.S.2d 680 (1st Dep't 1998) ........................................................................12

*Phoenix Acquisition Corp. v. Campcore, Inc.,*
    612 N.E.2d 1219 (N.Y. 1993) ................................................................................12

*Sec. Mut. Life Ins. Co. v. Member Servs., Inc.,*
    848 N.Y.S.2d 389 (3d Dep't 2007) .........................................................................8

**DOCKETED CASES**

*Castro v. Republic of Argentina,*
    No. 04-506 (S.D.N.Y.) .........................................................................................14

*Cilli v. Republic of Argentina,*
    No. 04-6594 (S.D.N.Y.) .........................................................................................2

*Seijas v. Republic of Argentina,*
    Nos. 04-400, 04-401 (S.D.N.Y.) ....................................................................13, 14

*Valls v. Republic of Argentina*
    No. 04-937 (S.D.N.Y.) .........................................................................................13

Plaintiffs respectfully submit this memorandum of law in support of their motions for partial summary judgment as against defendant the Republic of Argentina ("Argentina") pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP") and Local Rule 56.1; and to strike Defendant's First Request for the Production of Documents, dated September 13, 2010 (the "Requests"), pursuant to Rules 26(c), 26(d) and 34(b) of the FRCP.[1]

Accompanying this memorandum are: (a) plaintiffs' Statement of Material Facts pursuant to Local Rule 56.1; (b) the declaration of Plaintiff Pablo Alberto Varela (on behalf of himself and his co-plaintiff Lila Ines Burgueño), dated November 30, 2010 (the "Varela Dec."); (c) the declaration of Plaintiff Mirta Susana Dieguez (on behalf of herself and her co-plaintiffs Maria Evangelina Carballo and Leandro Daniel Pomilio), dated November 23, 2010 (the "Dieguez Dec."); (d) the declaration of Plaintiff Susana Aquerreta, dated November 25, 2010 (the "Aquerreta Dec."); (e) the declaration of Plaintiff Maria Elena Corral (on behalf of herself and her co-plaintiff Teresa Muñoz de Corral), dated November 25, 2010 (the "Corral Dec."); (f) the declaration of Plaintiff Norma Elsa Lavorato (on behalf of herself and her co-plaintiff Carmen Irma Lavorato), dated November 23, 2010 (the "Lavorato Dec."); (g) the declaration of Plaintiff Marta Azucena Vazquez (on behalf of herself and her co-plaintiffs Cesar Ruben Vazquez and Norma Haydee Gines), dated November 23, 2010 (the "Vazquez Dec.") and (h) the declaration of Michael C. Spencer, dated August 2, 2011 (the "Spencer Dec.").[2]

## PRELIMINARY STATEMENT

The following undisputed facts establish that plaintiffs are entitled to summary judgment:

---

[1] Copies of the Complaint, dated July 13, 2010 (the "Complaint" or "Compl."), the Answer to the Complaint, dated September 13, 2010 (the "Answer" or "Ans."), the Requests and Plaintiffs' Responses and Objections to Defendant's First Request for the Production of Documents, dated September 13, 2010 and September 16, 2010, respectively, are annexed to the Spencer Dec. as Exhibits 1, 2, 3 and 4, respectively.

[2] Contemporaneously with this filing, Plaintiffs have also filed a Motion for Leave to Amend and Motion for Partial Summary Judgment and For Injunctive Relief Pursuant to The Equal Treatment Provision.

Plaintiffs purchased certain bonds that were issued by Argentina (the "Bonds"):

- The obligations of Argentina with respect to the Bonds are "unconditional." *See Allan Applestein TTEE FBO D.C.A. Grantor Trust v. Republic of Argentina,* No. 02-4124, 2003 WL 22743762, at \*2 (S.D.N.Y. Nov. 20, 2003) (the *"DCA* Decision"); *EM Ltd. v. Republic of Argentina,* No. 03-2507, 2003 WL 22120745, at \*2 (S.D.N.Y. Sept. 12, 2003), *as amended by* 2003 WL 22454934 (S.D.N.Y. Oct. 27, 2003), *aff'd,* 382 F.3d 291 (2d Cir. 2004) (the *"EM Ltd.* Decision"); *Lightwater Corp. Ltd. v. Republic of Argentina,* Nos. 02-3804, 02-3808, 02-5932, 2003 WL 1878420, at \*4 (S.D.N.Y. Apr. 14, 2003) (the *"Lightwater* Decision");

- Argentina defaulted on its obligations with respect to the Bonds. *See Mazzini v. Republic of Argentina,* No. 03-8120, 2005 WL 743090, at \*3 (S.D.N.Y. Mar. 31, 2005) (the *"Mazzini* Decision"); *EM Ltd.* Decision, 2003 WL22120745, at \*2; *Lightwater* Decision, 2003 WL1878420, at \*2; and

- This Court has jurisdiction to grant plaintiffs summary judgment.

In addition, at a March 28, 2006 hearing, the Court directed that for purposes of summary judgment, plaintiffs need only produce current statements or similar documents (the "March 28th Order").[3] *See* March 28th Tr. at 9:20-21, 16:15-23, 17:12-15, 25:15-20.

Pursuant to the March 28th Order, annexed to the declarations submitted by plaintiffs on this motion is documentation demonstrating plaintiffs' current ownership of the Bonds. Notwithstanding the foregoing, in the Requests, Argentina seeks the production of documents going far beyond the proof the Court held necessary to demonstrate plaintiffs' beneficial ownership.

Accordingly and as more amply demonstrated below, there are no genuine triable issues of fact, and the incontrovertible documentary evidence establishes that plaintiffs are entitled to summary judgment and that the Requests should be stricken.

---

[3] A copy of the March 28, 2006 hearing transcript in *Cilli v. Republic of Argentina,* No. 04-6594 (S.D.N.Y.) (the "March 28th Tr."), is attached to the Spencer Dec. as Exhibit 5.

## THE UNDISPUTED FACTS

### A.    The Bonds

Argentina issued the Bonds pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA").[4]

In the 1994 FAA, Argentina expressly agreed (i) to submit to the jurisdiction of this Court; (ii) that service of process could be made on it by serving its agent, Banco de la Nacion Argentina, here in New York City; (iii) to waive any claim of sovereign immunity; and (iv) that the agreement and the bonds issued pursuant thereto would be governed by and construed in accordance with the laws of the State of New York. *See* Spencer Dec., Ex. 6 ¶¶ 20, 23.

Argentina further agreed that its failure to pay interest when due and/or the declaration of a moratorium on its payment obligations would constitute an event of default, entitling each bondholder to institute a lawsuit. *See id.* ¶ 12.

Section 12 of the 1994 FAA and the Form of the Global Bond further provides that following either of the foregoing events of default, a note holder, i.e., plaintiffs herein, may give Argentina written notice and declare the principal amount of such securities held by them to be due and payable immediately. *See id.* ¶ 12.

### B.    Argentina's Default on the Bonds

On December 24, 2001, Argentina defaulted on the Bonds when it "declared a moratorium on payments of principal and interest on [its] external debt," including all payments due plaintiffs. *Mazoral, S.A. v. Republic of Argentina,* No. 04-3313, 2006 WL 1211146, at *1 (S.D.N.Y. May 5, 2006) (the *"Mazoral* Decision"); *DCA* Decision, 2003 WL 22743762, at *2; *EM Ltd.* Decision, 2003 WL 22120745, at *2; *Lightwater* Decision, 2003 WL 1878420, at *2. Since declaring the moratorium, Argentina has further defaulted by failing to make any payment

---

[4] A copy of the 1994 Fiscal Agency Agreement is annexed to the Spencer Dec. as Exhibit 6.

of interest or principal on any of its external indebtedness issued prior to the declaration of a moratorium in 2001, including the Bonds here at issue.

This Court has already determined that Argentina's obligation to pay these amounts is unconditional, and that Argentina's failure to do so constitutes an event of default. *See Mazzini* Decision, 2005 WL 743090, at *3 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and 1994 FAA, among others); *Lightwater* Decision, 2003 WL 1878420, at *4 (finding Argentina's obligation unconditional after it had defaulted and bondholder plaintiffs had accelerated obligations on bonds); *see also EM Ltd.* Decision, 2003 WL 21120745, at *2 (finding "nothing in the record to distinguish this case as to EML's unconditional legal right to collect on the bonds").

By reason of Argentina's default, and in accordance with paragraph 12 of the 1994 FAA, by letters dated April 23, 2010 and July 9, 2010, plaintiffs provided Argentina with written notice that they were declaring the principal and interest on their Bonds to be due and payable. *See* Compl. ¶¶ 15 & 16.

## C.   Plaintiffs' Proof of Ownership

In the March 28th Order, this Court addressed the issue of bondholders' proof of ownership, among other things. The Court directed that in order to demonstrate ownership, bondholders need to submit a declaration attesting to their ownership of the Bonds, together with a copy of a current account statement (or similar document).

Accompanying this brief, plaintiffs submit declarations with annexed exhibits, demonstrating their current ownership of the following:

- Plaintiffs Pablo Alberto Varela and Lila Ines Burgueño submit the declaration of Pablo Alberto Varela with the annexed exhibit of a Certificate dated October 21, 2010 from Caja de Valores in the name of Pablo Alberto Varela and Lila Ines Burgueño, which demonstrates Plaintiffs' current ownership of Bonds issued by

4

Argentina pursuant to the 1994 FAA, in the aggregated principal amount of $25,000, having the ISIN No. US040114AR16 and CUSIP No. 040114AR1.

- Plaintiffs Mirta Susana Dieguez, Maria Evangelina Carballo and Leandro Daniel Pomilio submit the declaration of Mirta Susana Dieguez with the annexed exhibit of a Certificate dated October 12, 2010 from Caja de Valores in the name of Mirta Susana Dieguez, Maria Evangelina Carballo and Leandro Daniel Pomilio, which demonstrates Plaintiffs' current ownership of Bonds issued by Argentina pursuant to the 1994 FAA, in the aggregated principal amount of $72,000, having the ISIN No. US040114GF14 and CUSIP No. 040114GF1.

- Plaintiff Susana Aquerreta submits her declaration with the annexed exhibit of a Certificate dated October 14, 2010 from Caja de Valores in her name, which demonstrates Plaintiff's current ownership of Bonds issued by Argentina pursuant to the 1994 FAA, in the aggregated principal amount of $80,000, having the ISIN No. US040114GF14 and CUSIP No. 040114GF1.

- Plaintiffs Maria Elena Corral and Teresa Muñoz de Corral submit the declaration of Maria Elena Corral, with the annexed exhibits of two Certificates both dated October 14, 2010 from Caja de Valores in the name of Maria Elena Corral and Teresa Muñoz de Corral, which demonstrates Plaintiffs' current ownership of Bonds issued by Argentina pursuant to the 1994 FAA, in the aggregated principal amount of (i) $25,000, having the ISIN No. US040114AZ32 and CUSIP No. 040114AZ3; and (ii) $40,000, having the ISIN No. US040114AN02 and CUSIP No. 040114AN0.

- Plaintiffs Norma Elsa Lavorato and Carmen Irma Lavorato submit the declaration of Norma Elsa Lavorato with the annexed exhibit of a Certificate dated October 12, 2010 from Caja de Valores in the name of Norma Elsa Lavorato and Carmen Irma Lavorato, which demonstrates Plaintiffs' current ownership of Bonds issued by Argentina pursuant to the 1994 FAA, in the aggregated principal amount of $90,000, having the ISIN No. US040114GF14 and CUSIP No. 040114GF1.

- Plaintiffs Marta Azucena Vazquez, Cesar Ruben Vazquez and Norma Haydee Gines submit the declaration of Marta Azucena Vazquez, with the annexed exhibits of two Certificates dated October 12, 2010 and October 20, 2010 from Caja de Valores in the name of Marta Azucena Vazquez, Cesar Ruben Vazquez and Norma Haydee Gines, which demonstrates Plaintiffs' current ownership of Bonds issued by Argentina pursuant to the 1994 FAA, in the aggregated principal amount of (i) $10,000, having the ISIN No. US040114GF14 and CUSIP No. 040114GF1; and (ii) $25,000, having the ISIN No. US040114AR16 and CUSIP No. 040114AR1.

## D. **Concurrent Litigations Involving Argentina's Debt**

In related cases, this Court has granted summary judgment to holders of Argentine bonds for the principal amounts of their bonds plus accrued interest. *See Mazzini* Decision, 2005 WL

743090, at *3; *DCA* Decision, 2003 WL 22743762, at *2; *EM Ltd.* Decision, 2003 WL 22120745, at *2; *Lightwater* Decision, 2003 WL 1878420, at *6. This Court concluded that Argentina "defaulted on the bonds when it ceased to pay the interest." *Id.* at *4. Accordingly, Argentina "now owes the three plaintiffs principal and accrued interest." *EM Ltd.* Decision, 2003 WL 22120745, at *2; *Lightwater* Decision, 2003 WL 1878420, at *4. In the *Mazzini* action, the Court ruled that the plaintiffs are each entitled to summary judgment. *See Mazzini* Decision, 2005 WL 743090, at *4; March 5th Tr. at 16 and 33.[5]

In granting plaintiffs summary judgment, the Court rejected most of the defenses asserted by Argentina in this action, including: (i) champerty (as defined by N.Y. Jud. L. § 489 (McKinney 2003)); (ii) the Act of State Doctrine; (iii) abuse of rights; and (iv) lack of standing. The Court denied Argentina's contention that with additional discovery it might possibly develop a set of facts showing that the Bonds were purchased primarily for the purpose of commencing a lawsuit in order to support a champerty defense. *Mazzini* Decision, 2005 WL 743090, at *3-4; *EM Ltd.* Decision, 2003 WL 22120745, at *2; *Lightwater* Decision, 2003 WL 1878420, at *4-5. In addition, the Court rejected Argentina's abuse of rights defense, and Argentina conceded that the Act of State Doctrine was not a defense to plaintiffs' claims. *Id.* at *5. Moreover, the Court first rejected and later recognized Argentina's waiver of the affirmative defense that plaintiff bondholders lack capacity to sue, provided the Court determines that plaintiffs, in fact, are beneficial holders. *See* March 28th Tr.; *Mazoral* Decision, 2006 WL 1211146, at *3.

Thus, as this Court has already concluded, bondholders, such as plaintiffs herein, are entitled to summary judgment. There are no genuine issues of material fact with respect to

---

[5] A copy of the transcript of the March 5, 2004 hearing before the Court in *In re Republic of Argentina,* No. 02-4124 ("March 5th Tr."), is annexed to the Spencer Dec. as Exhibit 7.

Argentina's default.  Nor, as this Court has already determined, are there any valid defenses. Accordingly, summary judgment is warranted.

## ARGUMENT

### POINT I

### PLAINTIFFS SHOULD BE AWARDED SUMMARY JUDGMENT

The standards for summary judgment are well known to this Court and need not be repeated here at length.  "Summary judgment is appropriate when there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law." *Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 91 (2d Cir. 2001); *Weinstock v. Columbia Univ.,* 224 F.3d 33, 40 (2d Cir. 2000).

The Supreme Court has held summary judgment to be proper even if there are disputes of material fact, when the evidence offered in opposition to the motion does not create a "genuine issue" of fact requiring trial.  *Scott v. Harris,* 550 U.S. 372, 380 (2007).  Thus, the party opposing summary judgment may not rely on mere allegations to create the existence of genuine issues of material fact.  Summary judgment is to be denied only if there is a proffer of some evidence that actually puts a material fact in genuine dispute.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see also Podell v. Citicorp Diners Club, Inc.,* 112 F.3d 98, 101 (2d Cir. 1997) (a party will not survive a motion for summary judgment by merely offering conclusory allegations or denials, "but must bring forward 'some affirmative indication that his version of relevant events is not fanciful'") (citations omitted); *Quarles v. Gen. Motors Corp.,* 758 F.2d 839, 840 (2d Cir. 1985); *Branch v. Sony Music Entm't, Inc.,* No. 97-9238, 2001 WL 228108, at *2 (S.D.N.Y. Mar. 8, 2001), *aff'd,* 34 Fed. Appx. 23 (2d Cir. 2002) ("A litigant may not defeat a motion for summary judgment solely through unsupported assertions or conjecture") (internal quotations omitted).  In this regard, summary judgment is "an integral part of the Federal Rules

as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

Summary judgment is particularly appropriate where, as here, the issue before the Court is the interpretation of an unambiguous contract. *See Omni Quartz, Ltd. v. CVS Corp.,* 287 F.3d 61, 64 (2d Cir. 2002) ("The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment"); *Combustion Eng'g, Inc. v. Imetal,* 158 F. Supp. 2d 327, 331 (S.D.N.Y. 2001) ("Summary judgment is appropriate in a breach of contract action where the language of the contract is unambiguous, and reasonable persons could not differ as to its meaning"), *aff'd in part, vacated in part*, 37 Fed. Appx. 573 (2d Cir. 2002). As this Court has held, "[i]t is a basic principle of contract law that absent fraud, bad faith, gross mistake, or public policy considerations, contractual terms that are clear and unambiguous should be enforced." *IBM Corp. v. Burlington Air Express, Inc.,* No. 98-2503, 2000 WL 890196, at *4 (S.D.N.Y. July 5, 2000).

Furthermore, under New York law, the holder of a debt instrument establishes a *prima facie* entitlement to summary judgment by demonstrating the existence of the debt obligation and the defendant's default. *See Sec. Mut. Life Ins. Co. v. Member Servs., Inc.*, 848 N.Y.S.2d 389, 390 (3d Dep't 2007) (plaintiff established *a prima facie* entitlement to judgment on promissory notes as a matter of law by producing the promissory notes executed by the defendant and by establishing the defendant's default thereon); *see also Sterling Nat'l Bank & Trust Co. of N.Y. v. Fid. Mortg. Investors*, 510 F.2d 870, 874-75 (2d Cir. 1975) (affirming summary judgment for creditor on note where existence of obligation and non-payment were undisputed); *Valley Nat'l Bank v. Greenwich Ins. Co.,* 254 F. Supp. 2d 448, 450 (S.D.N.Y. 2003) ("In cases involving notes and guaranties, the Court has held that a plaintiff establishes its prima facie entitlement to

summary judgment by establishing the execution of the agreement at issue and nonpayment thereunder.") (internal quotations omitted).

## A.   Plaintiffs Have Established Their Entitlement to Summary Judgment

This Court has already granted summary judgment in the *Lightwater, EM Ltd., Mazzini,* and *Mazoral* matters, among many others – actions addressing identical issues and involving the same defendant herein.   Accordingly, plaintiffs are entitled to the application of offensive collateral estoppel in order to foreclose Argentina "from relitigating an issue that it has litigated unsuccessfully in another action." *LeBlanc-Sternberg v. Fletcher,* 67 F.3d 412, 433-34 (2d Cir. 1995) (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.4 (1979)); *see also Tri-Ex. Enters., Inc. v. Morgan Guar. Trust Co. of N.Y.,* 596 F. Supp. 1, 7 (S.D.N.Y. 1982) ("It is undisputed that a litigant who was not a party to the first action may assert collateral estoppel offensively in a subsequent proceeding against the party who lost the decided issue in the prior case").[6]

---

[6] The Second Circuit established a four-part test to determine if the doctrine of collateral estoppel applies:

> (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 44 (2d Cir. 1986); *see also LeBlanc-Sternberg,* 67 F.3d at 434 (jury determination that village had violated the Fair Housing Act has collateral estoppel effect in equitable suit brought by the government seeking injunctive relief under the Act); *Beck v. Levering,* 947 F.2d 639, 642 (2d Cir. 1991) (affirming application of the offensive collateral estoppel doctrine); *Benjamin v. Coughlin,* 643 F. Supp. 351, 357 (S.D.N.Y. 1986) (applying the doctrine of offensive collateral estoppel where the issues presented were identical to those previously litigated in state court); *In re Ivan F. Boesky Sec. Litig.,* 848 F. Supp. 1119, 1124 (S.D.N.Y. 1994) (concluding that the doctrine of collateral estoppel may be used offensively to preclude defendant from relitigating issues previously litigated and resolved.   It cannot be disputed that Argentina was given a full and fair opportunity to litigate the issue of whether or not it is in default on its debt under the terms of the 1993 FAA, 1994 FAA, FRB and DPB FAA, and this Court has ruled that it is. *See EM Ltd.* Decision, 2003 WL 22120745, at *2; *Lightwater* Decision, 2003 WL 1878420, at *1.   That prior determination fully supports judgment on the merits here.

However, even if this Court were willing to permit Argentina to relitigate, summary judgment is nevertheless plainly warranted. Indeed, plaintiffs have proven both of the elements of their *prima facie* case for summary judgment. Argentina cannot credibly dispute that each of the applicable agreements gives rise to binding obligations to pay plaintiffs in accordance with the provisions thereof. Nor can Argentina deny that it is in default. *See EM Ltd.* Decision, 2003 WL 22120745, at *2; *Lightwater* Decision, 2003 WL 1878420, at *1. Furthermore, plaintiffs' declarations and annexed exhibits indisputably demonstrate their current ownership of the Bonds. Accordingly, plaintiffs have proven both of the elements of their *prima facie* case for summary judgment.

**B.** **Argentina's Affirmative Defenses Are Without Merit**

Argentina asserts the following affirmative defenses: (i) failure to state a claim; (ii) the Act of State Doctrine; (iii) "plaintiffs are not acting in good faith in commencing and prosecuting this action" and, therefore, "are barred from enforcing any rights they may otherwise have;" (iv) unclean hands; (v) the doctrine of abuse of rights; (vi) champerty; (vii) statue of limitations; (viii) lack of standing and/or capacity to sue; and (ix) plaintiffs are members of a certified class. However, as Argentina concedes, its Second and Fifth Affirmative Defenses fail, because those affirmative defenses have already been rejected by this Court. *See* Ans. at 5 n.1; *see also Lightwater* Decision, 2003 WL 1878420, at *5-6 (overruling Argentina's affirmative defenses of international comity, the act of state doctrine and abuse of rights); *EM Ltd.* Decision, 2003 WL 22120745, at *4 (same). Furthermore, the Court recognized that Argentina agreed to waive the affirmative defense that plaintiff bondholders lack capacity to sue, provided the Court determines that plaintiffs, in fact, are beneficial holders. *See* March 28th Tr.; *Mazoral* Decision, 2006 WL 1211146, at *15. None of Argentina's remaining defenses shield it from liability either.

### 1. The Defense of Failure to State a Claim

Argentina's First Affirmative Defense for failure to state a claim is unavailing. Certainly, plaintiffs have alleged all the requisite elements under New York law for a claim of breach of contract, including the existence of the contract, their own performance, Argentina's breach and damages. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994).

### 2. The Champerty Defense

The champerty defense in Section 489 of the Judiciary Law has similarly been rejected by this Court. Indeed, there is nothing in the record to suggest that plaintiffs purchased their Bonds for anything other than normal investment purposes. In *Lightwater,* this Court concluded that "where a bond is purchased with the intent to collect on that bond, the statute is not violated even though there is also an intention to collect by lawsuit if necessary." *Lightwater* Decision, 2003 WL 1878420, at *4; *see also EM Ltd.* Decision, 2003 WL 22120745, at *3. More recently, this defense and the request to seek discovery with respect to this defense were rejected in the *Mazzini* Action. *See Mazzini* Decision, 2005 WL 743090, at *3-4; March 5th Tr. at 32-34; *see also Mazoral* Decision, 2006 WL 1211146, at *15.[7] Here, the facts are no different than in those cases where the Court rejected the champerty defense. Accordingly, here too, the defense is meritless.

### 3. The "Unclean Hands" Defense

In addition, Argentina's defense of "unclean hands" also fails as a matter of law, because it is not available in an action seeking money damages. *See, e.g., Aniero Concrete Co. v. N.Y. City Constr. Auth.,* No. 94-3506, 2000 WL 863208, at *10 (S.D.N.Y. June 27, 2000) ("unclean hands is an 'equitable defense to equitable claims,' not to actions at law which seek money damages") (citation omitted); *518 East 80th St. Co. v. Smith*, 674 N.Y.S.2d 680, 681 (1st Dep't

---

[7] Argentina's defense of lack of good faith is no more than a restatement of the champerty defense and is therefore equally without merit.

1998) (tenant's affirmative defense of unclean hands, based on allegations of breach of lease and the landlord's stated desire to evict, was an equitable one that could not be asserted against the landlord's causes of action for rent arrears and legal fees). This defense must also be rejected as a matter of fact, because under the unambiguous terms of the 1994 FAA, plaintiffs are entitled to payments of principal and interest that are due and payable.

### 4. The Statute of Limitations Defense

Argentina also asserts a statute of limitations defense. This defense too is meritless.

Pursuant to the 1994 FAA, the statute of limitations on claims against Argentina for missed interest payments is five years. *See* Spencer Dec., Ex. 6.

As set forth above, Argentina defaulted on the Bonds issued pursuant to the 1994 FAA on December 24, 2001. The statute of limitations on those Bonds would have begun to run as of the first missed payment by Argentina following the December 2001 default. Each missed payment represents an independent cause of action against Argentina. *See Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 210 (1997); *see also Ediciones Quiroga, S.L., v. Fall River Music, Inc.*, No. 93-3914, 1995 WL 366287, at *1 (S.D.N.Y. June 20, 1995); *Phoenix Acquisition Corp. v. Campcore, Inc.*, 612 N.E.2d 1219, 1220 (N.Y. 1993). Since the Complaint in this action was filed on July 13, 2010, only claims based on interest payments under the 1994 FAA that were due prior to July 13, 2005 may be barred by the applicable statute of limitations.

Here, much of the claims were due *after* July 13, 2005. Therefore, Argentina's statute of limitations defense is no bar to Plaintiffs' claims on these Bonds. Although the claims that are based on the Bonds whose interest payments were due prior to July 13, 2005 appear to be barred by the five-year statute of limitations, Plaintiffs' claims with respect to the subsequent interest

payments on these same Bonds, which represent independent causes of action against Argentina, survive.

Accordingly, Argentina's defense of statute of limitations does not bar Plaintiffs' claims against Argentina in their entirety.

### 5. The Certified Class Defense

Argentina also asserts a defense that certain plaintiffs are "precluded from bringing this action" because those claims "fall within the definition of a certified class." Ans. ¶ 29.

This action involves four series of Bonds -- ISIN Nos. US040114AZ32, US040114AN02, US040114GF14 and US040114AR16. Class actions relating to the series of Bonds having ISIN Nos. US040114AZ32, US040114AN02, US040114GF14 and US040114AR16 are pending before this Court.[8] Although judgments have been entered in regard to Bonds having ISIN Nos. US040114AZ32, US040114AN02, and US040114GF14, those judgments were vacated in part by the Second Circuit and Plaintiffs, through their attorneys, informed class counsel as well as Argentina that Plaintiffs' bonds should not be included in the new judgments because of this pending action.   In addition, no judgment was ever entered in regard to ISIN No. US040114AR16.   Plaintiffs' counsel has previously informed counsel in that action that they should be considered opted-out from the class.

---

[8] ISIN No. US040114AZ32 is covered by *Valls v. Republic of Argentina*, No. 04-937 (S.D.N.Y.). ISIN No. US040114AN02 is covered by *Seijas v. Republic of Argentina*, No. 04-400 (S.D.N.Y.). ISIN No. US040114GF14 is covered by *Seijas v. Republic of Argentina*, No. 04-401. ISIN No. US040114AR16 is covered by *H.W. Urban GmbH v. Republic of Argentina*, No. 02-5699 (S.D.N.Y.).

Moreover, even if Plaintiffs were technically part of the class, which they are not, Plaintiffs wish to *make decisions on an individual basis itself, and not as part of any class,* as to how and when they may resolve its claims.  Plaintiffs note that this Court entered its "Order Authorizing Tender of Beneficial Interests for Purposes of Participation in the 2010 Exchange Offer," which allows bondholders who are covered by class judgments obtained against Argentina to accept the Exchange Offer being offered by Argentina, outside the framework of any class action or class settlement.[9]  In addition, class members can sell their Bonds on the secondary market.  In any such situations, those holders would cease to be class members once they dispose of their Bonds, because the Court certified the classes as "holder class[es]" and has held that "persons who buy or sell the bonds after [the commencement of the action] would not be part of the class...."  *Seijas v. Republic of Argentina*, No. 04-400, Tr. at 25, (S.D.N.Y. Mar. 31, 2005) (a copy of the March 31, 2005 transcript is attached as Exhibit 9 to the Spencer Dec.); *H.W. Urban GmbH v. Republic of Argentina*, No. 02-5699, 2003 U.S. Dist. LEXIS 23363, at *8 (S.D.N.Y. Dec. 30, 2003); *see also Brecher v. Republic of Argentina*, No. 06-5157, 2009 U.S. Dist. LEXIS 27846, at *2 (S.D.N.Y. Mar. 27, 2009) (defining the class as "all persons who continuously own beneficial interests in the bond from the date of class certification until the date of final judgment ..."); *Castro v. Republic of Argentina*, No. 04-506 (S.D.N.Y. Aug. 5, 2005) (order granting class certification; Court defined the class as persons who held the Bonds "continuously until final judgment....") (attached as Exhibit 10 to Spencer Dec., at 3).

Since bondholders may unilaterally "exit" the classes by disposing of their interests in their Bonds, there does not appear to be any good reason to require any bondholder who has filed

---

[9] A copy of the April 29, 2010 "Order Authorizing Tender of Beneficial Interests for Purposes of Participation in the 2010 Exchange Offer," entered in all of the Bondholder actions against the Republic of Argentina in which judgments have been obtained, is annexed to the Spencer Dec. as Exhibit 8.

an individual (non-class) action and moved for judgment therein to remain in the class, if he or she wishes to proceed to litigate individually.

Plaintiffs also note the provision of Rule 23(e)(4):

> If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

In the present circumstances, Plaintiffs would certainly ask the Court to afford a new opt-out opportunity if they were still in the class at the time of any class settlement or other disposition of the class claims, and they would exercise opt-out rights, if they were afforded, and would pursue their remedies in their existing individual (non-class) actions.  In short, there is every good reason for the Court to allow them to pursue their remedies individually at this time.

## POINT II

## ARGENTINA'S DISCOVERY REQUESTS SHOULD BE STRICKEN

As the foregoing illustrates, Argentina's Requests should be stricken pursuant to Rules 26(c), 26(d) and 34(b) of the Federal Rules of Civil Procedure.  Plainly, Argentina has served the Requests to further burden plaintiffs and delay these proceedings.

As set forth above, this Court has narrowed the types of documents that plaintiffs are obligated to produce in order to demonstrate their ownership of the Bonds, which documents plaintiffs have attached to their declarations.

Notwithstanding, Argentina seeks documents in the Requests that are beyond those prescribed by the Court.  Specifically, the Requests seek the following:

> [a]ll confirmations and account statements concerning [plaintiff's] purchase or acquisition of Republic Bonds.  If [plaintiff] acquired Republic Bonds at any time prior to December 2001, all confirmations and account statements establishing proof of beneficial ownership as of December 2001.

Defendant's First Request for the Production of Documents, at 3-4.  This Request is clearly far broader than what this Court has held to be sufficient to demonstrate plaintiffs' ownership of the Bonds.  Accordingly, and for this reason alone, the Requests should be stricken.

In addition, however, Argentina has offered no rationale for why such broad discovery has any relevance to the question of whether plaintiff owns the Bonds on which he has sued.  Indeed, when faced with virtually identical requests in related proceedings, this Court summarily denied the requests.  *See, e.g., EM Ltd.* Decision, 2003 WL 22120745, at *2; *Lightwater* Decision, 2003 WL 1878420, at *4; March 5th Tr. at 30-32.  Likewise here, the Requests should be stricken.

Finally, Argentina's discovery requests seek discovery with respect to the champerty defense.  As set forth above, however, the Court repeatedly rejected that defense.  Accordingly, the Court should not allow Argentina to delay these proceedings by permitting it to take the unbridled and baseless discovery it now seeks.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that plaintiffs' motion for partial summary judgment and to strike defendant's discovery requests should be granted in its entirety.

Dated:   New York, New York
         August 3, 2011

                                        **MILBERG LLP**

                                        By: /s/ Michael C. Spencer
                                             Michael C. Spencer
                                             Gary S. Snitow
                                        One Pennsylvania Plaza
                                        New York, New York 10119
                                        Telephone: (212) 594-5300
                                        Facsimile: (212) 868-1229
                                        mspencer@milberg.com
                                        gsnitow@milberg.com

                                        *Attorneys for Plaintiffs*

16