UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO ALBERTO VARELA, *et al.*,

                              Plaintiffs,

    -against-

THE REPUBLIC OF ARGENTINA,

                              Defendant.

10 CV 5338 (TPG)

**ORDER**

      Upon consideration of the motion by Plaintiffs for partial summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure ("FRCP") and for injunctive relief and/or specific performance pursuant to FRCP 65(d) and the court's inherent equitable powers, the response of the Republic of Argentina (the "Republic") thereto, Plaintiffs' reply, and all other arguments submitted to the court in the parties' papers and at the hearing held on September 28, 2011;

      WHEREAS the uncontested facts establish that:

      1.      The Republic issued bonds pursuant to a 1994 Fiscal Agency Agreement ("FAA").

      2.      Paragraph 1(c) of the FAA provides, among other things, that:

> The Securities [i.e., the bonds] will constitute . . . direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).

      3.      The bonds issued pursuant to the FAA contain the following clause, as quoted in EM Ltd. v. The Republic of Argentina, 720 F. Supp. 2d 273, 278 (S.D.N.Y. 2010):

> The Republic has in the Fiscal Agency Agreement irrevocably submitted to the jurisdiction of any New York state or federal court sitting in the Borough of Manhattan, The City of New York and the courts of the Republic of Argentina (the "Specified Courts") over any suit, action, or proceeding against it or its properties, assets or revenues with respect to the Securities of this Series or the Fiscal Agency Agreement (a "Related Proceeding") except with respect to any actions brought under the United States federal securities laws. The Republic has in the Fiscal Agency Agreement waived any objection to Related Proceedings in such courts whether on the grounds of venue, residence or domicile or on the ground that the Related Proceedings have been brought in an inconvenient forum. The Republic agrees that a final nonappealable judgment in any such Related Proceeding (the "Related Judgment") shall be conclusive and binding upon it and may be enforced in any Specified Court or in any other courts to the jurisdiction of which the Republic is or may be subject (the "Other Courts"), by a suit upon such judgment.

4. Plaintiffs own bonds issued pursuant to the FAA ("Plaintiffs' Bonds").

5. The Republic issued other bonds in its 2005 and 2010 Exchange Offers ("Exchange Bonds"), thereby creating new unsecured and unsubordinated External Indebtedness.

6. The Republic has satisfied the payment obligations that have come due to date under the Exchange Bonds.

7. The Republic has not paid principal or interest on Plaintiffs' Bonds since December, 2001.

8. Plaintiffs have brought the captioned action to recover on the defaulted bonds, pursuant to their legal rights, and also pursuant to the express undertakings in the bonds.

9. On February 10, 2005, Argentina enacted Law 26,017, providing that the "national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to bonds" that were eligible to participate in the 2005 Exchange Offer.

10. On December 9, 2009, Argentina enacted Law 26,547, which, *inter alia,* suspended the effect of Law 26,017 for a period of time during which the 2010 Exchange

2

Offer was launched, closed, and consummated. Law 26,547 also provides that the "Republic of Argentina . . . is prohibited to offer holders of government bonds [including those issued pursuant to the FAA] who may have initiated judicial, administrative, arbitration or any other type of action [to enforce their rights], more favorable treatment than what is offered to those who have not done so."

WHEREAS Plaintiffs claim that the Republic breached (and continues to breach) its contractual duty to rank its payment obligations under Plaintiffs' Bonds at least equally with all its other present and future unsecured and unsubordinated External Indebtedness; Plaintiffs seek summary judgment on the Republic's liability for that breach; and Plaintiffs seek an injunction that would restore them to their bargained-for position among other creditors.

It is HEREBY ORDERED that:

1. The motion for partial summary judgment pursuant to Rule 56(a) is GRANTED.

2. It is DECLARED, ADJUDGED, and DECREED that the Republic is required under Paragraph 1(c) of the FAA at all times to rank its payment obligations pursuant to Plaintiffs' Bonds at least equally with all the Republic's other present and future unsecured and unsubordinated External Indebtedness.

3. It is DECLARED, ADJUDGED, and DECREED that the Republic's payment obligations on the bonds include its payment obligations to bondholders who have brought actions to recover on their defaulted bonds, and on judgments entered pursuant to judicial action brought by bondholders.

4. It is DECLARED, ADJUDGED, and DECREED that the Republic violates Paragraph 1(c) of the FAA whenever it lowers the rank of its payment obligations under Plaintiffs' Bonds below that of any other present or future unsecured and unsubordinated External Indebtedness, including (and without limitation) by relegating Plaintiffs' Bonds to a

3

non-paying class by failing to pay the obligations currently due under Plaintiffs' Bonds while at the same time making payments currently due to holders of other unsecured and unsubordinated External Indebtedness or by legislative enactment.

    5.    It is DECLARED, ADJUDGED, and DECREED that the Republic lowered the rank of Plaintiffs' Bonds in violation of Paragraph 1(c) of the FAA when it made payments currently due under the Exchange Bonds, while persisting in its refusal to satisfy its payment obligations currently due under Plaintiffs' Bonds.

    6.    It is DECLARED, ADJUDGED, and DECREED that the Republic lowered the rank of Plaintiffs' Bonds in violation of Paragraph 1(c) of the FAA when it enacted Law 26,017 and Law 26,547.

    7.    It is DECLARED, ADJUDGED, and DECREED that the aforesaid laws were in direct violation of the right of Plaintiffs under the FAA and the bond agreements to bring a legal action in court to recover on the defaulted bonds.

    8.    The motion for injunctive relief and/or specific performance pursuant to FRCP 65(d) and the court's inherent equitable powers is DENIED at the present time to permit further consideration by the court regarding the means of enforcement of the present ORDER.

    SO ORDERED.

Dated: New York, New York
       December 13, 2011

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/13/11