UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PABLO ALBERTO VARELA, *et al.*,

                              Plaintiffs,

   -against-

THE REPUBLIC OF ARGENTINA,

                              Defendant.

10 CV 5338 (TPG)

**OPINION AND ORDER**

      Plaintiffs are the beneficial owners of certain bond indebtedness issued by defendant, the Republic of Argentina (the "Republic"), on which the Republic defaulted in December 2001. Plaintiffs are suing to recover amounts due to them as a result of the default and have moved for partial summary judgment related to the Republic's failure to pay the principal and interest due ("Money Damages"). The Republic has no objection to the entry of partial summary judgment on Money Damages.

      The motion for partial summary judgment is granted.

## FACTS

      The bond indebtedness at issue is governed by one agreement, the Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"). The 1994 FAA is the same agreement that governed the bond indebtedness on which this court granted summary judgment to the plaintiffs in *Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02-3804, 2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003). Section 22 of the 1994 FAA states that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. The 1994 FAA also provides that the Republic's obligations on the bonds are unconditional and that failure to make any payment of principal or interest for 30 days

after the applicable payment date constitutes an event of default. A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Paragraph 12 of the 1994 FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium. If either of these events occurs,

> each holder of Securities and such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately….

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The Court refers to its previous opinions for a description of the circumstances of these defaults. *Lightwater*, 2003 WL 1878420, at *2; *Applestein v. Province of Buenos Aires*, No. 02-1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003).

On or about September 9, 2009, plaintiffs sent notices to the Fiscal Agent of the Republic of Argentina, providing notice of an event of default, demanding payment on certain bonds governed by the 1994 FAA, and declaring the principal amount of the other debt securities governed by the 1994 FAA to be immediately due and payable.

The bonds that are the subject of this action, and the amounts of beneficial interests owned by the plaintiffs, are listed in the following tables.[1]

---

[1] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in *Million Air Corp. v. Republic of Argentina*, No. 04-1048, 2005 WL 2656126 (S.D.N.Y. Oct. 17, 2005).

## TABLE 1

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | PABLO ALBERTO VARELA and LILA INES BURGUEÑO |
| Face Value: | U.S. $ 25,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114AR1; ISIN No. US040114AR16 |
| Date Of Issuance: | January 30, 1997 |
| Date Of Maturity: | January 30, 2017 |
| Interest Rate/Payable: | 11.375% |
| Date Of Purchase: | Before the year 2000 |
| Notice of Acceleration: | April 23, 2010 |
| Contract Documents: | Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") |
| Evidence of Ownership Proffered: | Certificates from Caja de Valores dated October 21, 2010 and August 18, 2011 |

## TABLE 2

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | SUSANA AQUERRETA |
| Face Value: | U.S. $ 80,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114GF1; ISIN No. US040114GF14 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | December 19, 2008 |
| Interest Rate/Payable: | 7% / 15.5% |
| Date Of Purchase: | On November 2001 |
| Notice of Acceleration: | July 9, 2010 |
| Contract Documents: | Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") |
| Evidence of Ownership Proffered: | Certificates from Caja de Valores dated October 14, 2010 and August 8, 2011 |

## TABLE 3

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | MARIA ELENA CORRAL and TERESA MUÑOZ DE CORRAL |
| Face Value: | U.S. $ 25,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114AZ3; ISIN No. US040114AZ32 |
| Date Of Issuance: | December 4, 1998 |
| Date Of Maturity: | December 4, 2005 |
| Interest Rate/Payable: | 11% |
| Date Of Purchase: | Between December 1998 and February 1999 |
| Notice of Acceleration: | July 9, 2010 |
| Contract Documents: | Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") |
| Evidence of Ownership Proffered: | Certificates from Caja de Valores dated October 14, 2010 and August 8, 2011 |

## TABLE 4

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | MARIA ELENA CORRAL and TERESA MUÑOZ DE CORRAL |
| Face Value: | U.S. $ 40,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114AN0; ISIN No. US040114AN02 |
| Date Of Issuance: | October 9, 1996 |
| Date Of Maturity: | October 9, 2006 |
| Interest Rate/Payable: | 11% |
| Date Of Purchase: | Between December 1998 and February 1999 |
| Notice of Acceleration: | July 9, 2010 |
| Contract Documents: | Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") |
| Evidence of Ownership Proffered: | Certificates from Caja de Valores dated October 14, 2010 and August 8, 2011 |

## TABLE 5

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | MIRTA SUSANA DIEGUEZ, MARIA EVANGELINA CARBALLO and LEANDRO DANIEL POMILIO |
| Face Value: | U.S. $ 72,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114GF1; ISIN No. US040114GF14 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | December 19, 2008 |
| Interest Rate/Payable: | 7% / 15.5% |
| Date Of Purchase: | Before December 2001 |
| Notice of Acceleration: | April 23, 2010 |
| Contract Documents: | Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") |
| Evidence of Ownership Proffered: | Certificates from Caja de Valores dated October 12, 2010 and August 8, 2011 |

## TABLE 6

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | NORMA ELSA LAVORATO and CARMEN IRMA LAVORATO |
| Face Value: | U.S. $ 90,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114GF1; ISIN No. US040114GF14 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | December 19, 2008 |
| Interest Rate/Payable: | 7% / 15.5% |
| Date Of Purchase: | On December 2001 |
| Notice of Acceleration: | April 23, 2010 |
| Contract Documents: | Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") |
| Evidence of Ownership Proffered: | Certificates from Caja de Valores dated October 12, 2010 and August 8, 2011 |

## TABLE 7

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | CESAR RUBEN VAZQUEZ, NORMA HAYDEE GINES and MARTA AZUCENA VAZQUEZ |
| Face Value: | U.S. $ 10,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114GF1;  ISIN No. US040114GF14 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | December 19, 2008 |
| Interest Rate/Payable: | 7% / 15.5% |
| Date Of Purchase: | Between September 2001 and May 2003 |
| Notice of Acceleration: | April 23, 2010 |
| Contract Documents: | Fiscal Agency Agreement, dated as of October 19, 1994  (the "1994 FAA") |
| Evidence of Ownership Proffered: | Certificates from Caja de Valores dated October 12, 2010 and August 8, 2011 |

## TABLE 8

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | CESAR RUBEN VAZQUEZ, NORMA HAYDEE GINES and MARTA AZUCENA VAZQUEZ |
| Face Value: | U.S. $25,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114AR1;  ISIN No. US040114AR16 |
| Date Of Issuance: | January 30, 1997 |
| Date Of Maturity: | January 30, 2017 |
| Interest Rate/Payable: | 11.375% |
| Date Of Purchase: | Between September 2001 and May 2003 |
| Notice of Acceleration: | April 23, 2010 |
| Contract Documents: | Fiscal Agency Agreement, dated as of October 19, 1994  (the "1994 FAA") |
| Evidence of Ownership Proffered: | Certificates from Caja de Valores dated October 20, 2010 and August 8, 2011 |

## **DISCUSSION**

This Court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA. *See, e.g., Mazzini v. Republic of Argentina*, No. 03 Civ. 8120, 2005 WL 743090, at *1 (S.D.N.Y. Mar. 31, 2005). Only standing and proof of ownership need to be discussed in connection with the present motion.

<u>Standing and Proof of Ownership</u>

In two opinions, *Fontana v. Republic of Argentina*, 415 F.3d 238 (2d Cir. 2005), and *Applestein v. Province of Buenos Aires*, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as plaintiffs here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the court makes a finding of current ownership. *See* Transcript, March 28, 2006, *Cilli v. Republic of Argentina* (No. 04-6594).

Here, plaintiffs have adequately demonstrated through their account statements that they owned their beneficial interests as of August 2011. There is no evidence of any change of ownership thereafter.

## **CONCLUSION**

The motion for partial summary judgment on Money Damages is granted. The parties shall consult with one another concerning the form of the judgments and the amounts of interest that should be awarded in the judgments. If the parties are able to reach agreement on those subjects, they shall jointly submit agreed proposed judgments to the Court. If the parties are

unable to reach agreement on those subjects, plaintiff shall submit proposed judgments to the Court, and the Republic shall submit any objections to the proposed judgments within five business days thereafter. The Court will then resolve any remaining disagreements. Proposed judgments submitted to the Court should include the following language: "It is further ORDERED that, until further notice from the Court, plaintiff(s) must refrain from selling or otherwise transferring their beneficial interest in the bond(s) involved in this action without advising the Court in advance and obtaining permission of the Court."

**SO ORDERED.**

Dated: New York, New York
March 7, 2012

THOMAS P. GRIESA
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/2012