|  |  |
|---|---|
| New York | Paris |
| Menlo Park | Madrid |
| Washington DC | Tokyo |
| São Paulo | Beijing |
| London | Hong Kong |

# Davis Polk

**Karen E. Wagner**

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

212 450 4404 tel
212 701 5404 fax
karen.wagner@davispolk.com

October 17, 2014

Re:   *NML Capital, Ltd. v. Republic of Argentina*, Nos. 08 Civ. 6978 (TPG), 09 Civ. 1707 (TPG), 09 Civ. 1708 (TPG);

*Aurelius Capital Master, Ltd. and ACP Master, Ltd. v. Republic of Argentina*, Nos. 09 Civ. 8757 (TPG) and 09 Civ. 10620 (TPG);

*Aurelius Opportunities Fund II, LLC and Aurelius Capital Master, Ltd. v. Republic of Argentina*, Nos. 10 Civ. 1602 (TPG), 10 Civ. 3507 (TPG), 10 Civ. 3970 (TPG) and 10 Civ. 8339 (TPG);

*Blue Angel Capital I LLC v. Republic of Argentina*, Nos. 10 Civ. 4101 (TPG) and 10 Civ. 4782 (TPG);

*Olifant Fund, Ltd. v. Republic of Argentina*, No. 10 Civ. 9587 (TPG); and

*Pablo Alberto Varela, et al. v. Republic of Argentina*, No. 10 Civ. 5338 (TPG).

Hon. Thomas P. Griesa
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Dear Judge Griesa:

We represent Citibank, N.A. ("Citibank"). We write to ask the Court to establish a schedule for a hearing in the above cases.

As the Court is aware, for the last two quarters, this Court has permitted Citibank Argentina to make one-time payments to customers holding Argentine Law Bonds, but in each instance only after the branch and its employees came perilously close to extreme harm. We seek to avoid a similar situation with regard to the December 31 payments, especially as they come due during a holiday period. We also believe that Plaintiffs should have the burden of proving their right to an injunction, a burden that we believe they cannot meet, as we understand both that the Argentine Law Bonds are *not* subject to the *pari passu* obligation, because they constitute internal indebtedness of the Republic, referred to as "Domestic Foreign Currency Indebtedness" in the 1994 Fiscal Agency Agreement, and that Citibank Argentina—located in and subject to the laws of Argentina—may *not* as a matter of law be subjected to an injunction against making payments to customers holding U.S. dollar-denominated Argentine Law Bonds.

A hearing on such a motion will not involve complex factual disputes, as the issues to be addressed are either matters of law or are dependent upon documents having legal significance, such as Argentine Presidential decrees as to which there can be no factual dispute. We agree with the Court that "vast discovery" is not required to interpret the meaning of "External Indebtedness" and "Domestic Foreign Currency Indebtedness." This is especially the case because the Argentine Law Bonds are actively traded. The essential characteristics and risk profile of the Argentine Law Bonds must therefore be ascertainable by market participants with reference solely to their terms and to other public documents.

Plaintiffs have nevertheless served broad document and testimonial subpoenas on at least thirteen non-party financial institutions, and on the Republic and its counsel. None of this discovery is relevant, in our view, though we have agreed to provide some material. Further, we note that Plaintiffs would require no discovery if they were correct that the Amended February 23, 2012 Orders "always" applied to Citibank Argentina's payments on Argentine Law Bonds. However, since they have deemed it necessary to demand burdensome discovery from multiple parties, it must be concluded that the existing injunction does not enjoin payments by Citibank Argentina on Argentine Law Bonds, and Plaintiffs must therefore seek a new injunction.

The discovery period authorized by the Court on September 26 will close on October 26. Therefore, Citibank respectfully requests that Plaintiffs be ordered to move by November 5, that Citibank respond by November 14, and that the Court schedule a hearing in the week of November 17.

Very respectfully yours,

*Karen E. Wagner*
Karen E. Wagner

cc:    All counsel of record (via email)